JOEL V. GREENMAN *v.* The Executors of DAVID C. WILSON, deceased.

In mutual accounts between the plaintiff and defendant in an action, the statute of limitations does not begin to run against the plaintiff's until the date of the last item charged in the defendants'. But if barred, any direct and unqualified acknowledgment or admission afterward made by the defendant that the account of the plaintiff is still subsisting, unsettled and good against him, or that he is willing to, and will settle it at a future time, will take it out of the operation of the statute.

ASSUMPSIT for work and labor with the usual pleas. The plaintiff was a builder and his account against the deceased

entered in a book of original entries regularly kept by him, consisted of debits for work and labor performed by him, beginning in 1846 and terminating on the 3rd of March 1865, amounting in the aggregate to about $800, and in which there were credits of cash entered to the amount of near $200. It also appeared that there had been mutual accounts open and current between the parties during that period, and up to the death of the deceased in the spring of the latter year. The balance demanded by the plaintiff was $231.37 with interest from the 3rd of March, 1865.

A witness produced and sworn, testified that he was in the employ of the plaintiff from 1854 to 1868, and by his direction called on the deceased in the month of February 1865 to request the payment and settlement of his account against him, and that the deceased admitted that there had been a long standing and open account between them which ought to be settled, but that he expected soon to have more work done, and they would then settle the whole thing together.

*Lore*, for the plaintiff. The suit was commenced on the 14th day of December 1867, and the acknowledgment of the deceased proved by the witness, made in February 1865, was sufficient to take the case out of the operation of the statute of limitation which was the only plea relied upon by the defendants. *Robinson v. Burton*, 1 *Houst.* 540, *Black's Executors v. Reybold*, 3 *Harr.* 528.

*Whitely*, for the defendants. Our only defence is the statute of limitations, which, as the executors of the deceased, who, of course, have no knowledge of their own, individually, of the items and charges in this old and long standing account, the defendants have considered it their duty to plead in the case. He cited the argument of Houston, reported, and the ruling of the Court in the case of *Waple's Admr. v. Burton's Admr.* 1 *Houst.* 262 *in note.* *Moore v. Bank of Columbia*, 6 *Pet.* 86. *Bell v. Morrison et al.* 1 *Pet.* 351.

*The Court, Wootten, J. charged the jury.* That if they were satisfied from the evidence that there were mutual accounts between the parties which continued open and current on both sides during the period designated, the statute of limitations would not begin to run against either of them during that time, nor until the date of the last item charged in the account of the deceased against the plaintiff, and not until three years thereafter would the plaintiff's account be barred by the statute. But if it had been so barred by the statute, any direct and unqualified acknowledgment or admission afterward made by the deceased that the account of the plaintiff was still subsisting, unsettled and good against him, or that he was willing to and would settle it at a future time, would take it out of the operation of the statute of limitations, and if the action had been brought within three years after such an acknowledgment or admission made by the deceased of the existence and validity of the plaintiff's account against him, the plaintiff would be entitled to recover, as the statute of limitations was the only defence relied upon by the defendants in the action.